```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
JOEL B. ATTIA,                    *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *  CIVIL ACTION NO. 23-00088-JB-B
                                  *
DR. FRANK MARTIN, et al.,         *
                                  *
     Defendants.                  *
```

## REPORT AND RECOMMENDATION

Plaintiff Joel B. Attia, proceeding *pro se*, filed a "Complaint for a Civil Case" and a motion to proceed without prepayment of fees. (Docs. 1, 2). In an order dated March 23, 2023, the Court noted that Attia did not fully complete or sign the motion to proceed without prepayment of fees form. (Doc. 5). Thus, Attia was directed to complete the motion in its entirety, and to sign the motion. (Id.). Subsequent thereto, Attia timely filed a new motion to proceed without prepayment of fees. (Doc. 8). Upon review of Attia's new motion to proceed without prepayment of fees (doc. 8), the undersigned finds that the motion is due to be **granted**.

The Court now turns to Attia's complaint, his four motions to amend, and his motion entitled "Motion to stop all banks". (Docs. 1, 3, 4, 6, 7, 9). Attia's complaint and his above-referenced motions have been referred to the undersigned Magistrate Judge for

review pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S).

Having reviewed Attia's complaint, his motions to amend and his "[m]otion to stop all banks", the undersigned, for the reasons that follow, recommends that his complaint be **dismissed** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and that his motions to amend and his "[m]otion to stop all banks" be denied as futile.

## I. STANDARDS OF REVIEW

Because Attia is proceeding *in forma pauperis*, his complaint must be reviewed under 28 U.S.C. §1915(e)(2)(B). A claim may be dismissed under § 1915(e)(2)(B)(i)[1] as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim may be frivolous on either factual or legal grounds. Id. at 327. Claims that describe "fantastic or delusional scenarios" are factually frivolous, while claims based on "indisputably, meritless legal theor[ies]," such as those against defendants who are immune from suit or those based on violation of a legal right that does not exist, are legally frivolous. Id. at 327-28. When

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. §1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under §1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

2

reviewing a complaint for factual frivolity, § 1915(e) accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement" possess[ing] enough heft to "sho[w] that the pleader is entitled to relief." Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotations marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

3

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).
1997).

## II. DISCUSSION

In his complaint, Attia lists the basis of jurisdiction as federal question and diversity of citizenship. (Doc. 1 at 3). He lists as Defendants Dr. Frank Martin (Ocean Springs/Jackson, Mississippi), Dr. Brian Pitrie (Ocean Springs/Jackson, Mississippi), Randy Neil (Moss Point, Mississippi and Mobile, Alabama) and Paul Re'ally (Moss Point/Jackson, Mississippi). (Doc. 1 at 2).

4

In the Statement of Claim section of his form complaint, Attia alleges that:

> Put foreign objects inside me, that give off low frequency[.]. I can never get this out and it was put in on Sept. 3, 2013 [during] Passover[-] I am Hebrew."

(Id. at 4). In the amount in controversy section, Attia seeks "One Quadrillion dollars in money, or any assets or anything of value.". (Id.).

While Attia's claims appear to arise from a purported surgery in 2013, as drafted, the complaint is replete with allegations many of which are rambling, confusing, and delusional. Neitzke, 490 U.S. at 328. As best the undersigned can discern, Attia is contending that during a surgery in 2013, the defendant doctors placed foreign objects inside him and said objects give off a low frequency. (Id. at 4.). According to Attia, he believes that as payment for having the foreign objects placed inside him, Nvidia Corp. set up a "Joel B. Attia Fund C.D." at Regions Bank. (Id. at 7). Later in the complaint, Attia contends that "Randy Neil put some of his Aids Infested Blood in me and I got so sick I had to go to surgery. ….At least I found out they all had a Nvidia Corp. Laptop so they could watch me die. (Id. at 11). Because Attia's allegations are factually frivolous as they describe fantastic or delusional scenarios, his complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Hogan v. Georgia, 812 Fed. Appx. 975 (11th Cir. 2020)(district court did not abuse its discretion

5

in dismissing as frivolous the plaintiff's "wildly implausible" claim that he had been implanted with an experimental tracking device or that the defendants had conspired to implant such a device.); Gary v. U.S. Govt't, 540 F. App'x 916, 918 (11th Cir. 2013)("We conclude from the record that the district court did not abuse its discretion in dismissing [the] complaint as frivolous, as a review of the complaint shows that [the plaintiff's] allegations were irrational and wholly incredible."); Hutchison v. Live Well Counseling, 2021 U.S. Dist. LEXIS 159382; 2021 WL 3714006)(N.D. Ga, July 26, 2021)(dismissing a plaintiff's complaint alleging that co-workers implanted him with a micro-robot and conspired to murder him).

Also pending before the Court are Attia's motions to amend (docs. 3, 4, 6, 9) and "[m]otion to stop all banks". (Doc. 7). For the most part, the motions contain listings of proposed defendants but do not include a proposed complaint or specific allegations against the individuals and entities named. Like the assertions in Attia's complaint, the allegations contained in his motions are not rational. Thus, the motions are due to be denied.

### III.    CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and that his motions to amend and [M]otion to stop all banks be denied as nonsensical and futile.

6

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **23rd** day of **June, 2023.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**